# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN MCELROY, | CASE NO. 1:08-cv-00914-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al., | (Docs. 4 and 5) |
| Defendants. | |

Plaintiff Marvin McElroy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed this action on June 12, 2008, at which time he was housed at Avenal State Prison.  In conjunction with his complaint, Plaintiff filed a motion seeking the appointment of counsel and a motion seeking a preliminary injunction.

**I.     Motion for Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction.

1 Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for counsel shall be denied.

**II.     Motion for Preliminary Injunction**

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). In this instance, Plaintiff's claims arise from the past violation of his rights at Avenal State Prison. Plaintiff is now housed at Mule Creek State Prison, and his transfer has rendered his motion moot.[2]

///
///
///

---

[2] Any argument that the motion is somehow not moot is foreclosed by jurisdictional requirements. The claims at issue in this action arose at Avenal and the Court has no jurisdiction to issue any orders directed at Plaintiff's current conditions of confinement at Mule Creek. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). Further, the Prison Litigation Reform Act provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

**III.     Order**

For the reasons set forth herein, Plaintiff's motion for the appointment of counsel and motion for a preliminary injunction, filed June 12, 2008, are HEREBY DENIED.


IT IS SO ORDERED.

**Dated:  October 2, 2008**                    /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE