**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Marvin McElroy,            )   No. CV 1-08-0914-DGC
                           )
    Plaintiff,         )   **ORDER**
                           )
vs.                        )
                           )
T. Deegan, et al.,         )
                           )
    Defendants.        )
                           )

On June 12, 2008, Plaintiff Marvin McElroy, who is confined in Mule Creek State Prison in Ione, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of California (Doc. # 1). In a June 19, 2008 Order, United States District Judge Vaughn Walker ordered the case transferred to the Fresno Division of this Court (Doc. # 6). Thereafter, Plaintiff filed a First Amended Complaint (Doc. # 15).

This case was reassigned to the undersigned judge on November 25, 2008 (Doc. # 16). Plaintiff has also filed two motions for service of the First Amended Complaint (Doc. ## 17-18). The Court will order Defendants Deegan, Simon, Neri, Jackson, and Boston to answer Plaintiff's excessive force claim in his First Amended Complaint and deny the motions for service as moot.

///

///

**JDDL**

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II.    First Amended Complaint

In his First Amended Complaint, Plaintiff names the following officers at Avenal State Prison (ASP): (1) Correctional Officer (CO) Deegan, Correctional Sergeant Simon, CO Neri, CO Jackson, and Correctional Lieutenant Boston (Doc. # 15 at 3-4). In his single-count First Amended Complaint, Plaintiff presents the following facts. At Deuel Vocational Institution on July 6, 1993, Plaintiff interceded and stopped an assault against a corrections

officer by another inmate. Plaintiff received numerous death threats by other inmate for stopping the assault against the officer. At ASP on January 26, 2008, Plaintiff was attacked by two unknown inmates and sustained a broken wrist that required surgery. When Plaintiff had first arrived at ASP, he noticed two Mexican inmates who are members of Nuestra Familia (NF) that had told Plaintiff in 1993 that the NF was going to kill him for stopping the assault on the officer. On March 9, 2008, staff informed Plaintiff that he was going to be released to the 3 yard, where the two NF inmates were housed. Plaintiff refused to be transferred. Simon arrived and asked Plaintiff why he refused to be transferred; Plaintiff explained that he feared for his safety. Simon wrote Plaintiff up for refusing to be transferred and sent Plaintiff for a psychological evaluation.[1] Plaintiff was then returned to administrative segregation. On March 14, 2008, Simon again ordered that Plaintiff be housed in the 3 yard and Plaintiff was moved to a holding cell. Boston ordered an extraction team to remove Plaintiff from the holding cell and place him in the 3 yard. Plaintiff held onto the bench inside the holding cell while he repeatedly told Deegan, Jackson, and Boston that he would be killed if they placed him in the 3 yard. Deegan then sprayed Plaintiff with pepper spray directly into Plaintiff's eyes, ear canals, open wounds on his wrist where the surgical pins were protruding, and genitals. Simon and Deegan then placed Plaintiff in a wheelchair and shackled him. Simon and Deegen then placed a fan in front of Plaintiff so that the air would push the pepper spray deeper into the skin, eyes, and genital area. Simon radioed Neri and Jackson to take Plaintiff to the 3 yard. Neri, Jackson, and Boston handcuffed Plaintiff's right wrist with the pins protruding and began dragging him across the pavement. Medical staff heard Plaintiff's screams and ordered that Plaintiff be taken to the hospital, where he was treated for pain, decontamination, abrasions, problems with the pins in his wrist, head abrasions, and psychological trauma. The medical officer directed that Plaintiff be housed in administrative segregation. As a result of this incident, Plaintiff alleges that he is in constant extreme psychological pain.

---

[1] On April 18, 2008, the disciplinary write-up was reduced.

**III.    Failure to State a Claim**

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, to the extent that Plaintiff presents a claim of failure to protect against Defendants for attempting to place him in the 3 yard, Plaintiff fails to state a claim because Plaintiff was never actually housed in the 3 yard. Because Plaintiff was never actually in danger from any of the inmates who allegedly threatened him, Defendants could not have been deliberately indifferent to a serious risk of harm to Plaintiff. Farmer, 511 U.S. at 837. Consequently, that part of Plaintiff's claim will be dismissed.

**IV.    Claims for Which an Answer Will be Required**

Plaintiff's adequately states a claim of excessive use of force against Deegan, Simon, Neri, Jackson, and Boston. Defendants will be required to answer.

**V.    Pending Motions**

Because the Court is ordering service of Plaintiff's excessive force claim, his motions for service will be denied as moot.

**VI.    Warnings**

    **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

///

///

### B.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Plaintiff's Motions for Service are **denied as moot** (Doc. ## 17-18).

(2)   Plaintiff's failure to protect claim is **dismissed** without prejudice.

(3)   Defendants Deegan, Simon, Neri, Jackson, and Boston must answer Plaintiff's excessive force claim in his First Amended Complaint.

(4)   The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. # 15), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Deegan, Simon, Neri, Jackson, and Boston.

(5)   Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6)   Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

1   (7)   **If Plaintiff fails to return the Notice of Submission of Documents and the**
2   **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
3   **must, without further notice, enter a judgment of dismissal of this action without**
4   **prejudice.**  See **Fed. R. Civ. P. 41(b).**

5   DATED this 15th day of October, 2009.

*/s/ Daniel G. Campbell*
David G. Campbell
United States District Judge