**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Marvin McElroy, | ) | No. CV 1-08-0914-DGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| T. Deegan, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Marvin McElroy has filed a motion for temporary restraining order and expedited preliminary injunction pursuant to Fed. R. Civ. P. 65(b)(1) and (3). Dkt. #22. Despite a court order requiring a response, no response has been filed.[1] McElroy has also filed a motion for an immediate order from the Court on his motion. Dkt. #24. Because the Court is currently considering the motion for temporary restraining order and expedited preliminary injunction, McElroy's motion for an immediate order (Dkt. #24) is moot and the Court will deny it. For the reasons that follow, the Court will also deny Plaintiff's request for injunctive relief.

---

[1] On January 13, 2010, the Court entered an order directing Defendants to file a response to Plaintiff's motion by January 29, 2010. Dkt. #23. Defendants have failed to comply with this order. By March 26, 2010, Defendants shall filed a memorandum explaining their failure to comply with the Court's order and showing cause why they should not be sanctioned for disregarding that order.

McElroy has filed a complaint under 42 U.S.C. § 1983 in which he seeks damages for excessive force. Dkt. #15. McElroy contends that on July 6, 1993, he saw an inmate kicking a corrections officer and that he assisted the corrections officer during the assault. *Id.* at 4. Because he assisted the officer, other inmates threatened to harm McElroy and he was moved to a different prison. *Id.* at 4-5. Many years later, in 2008, McElroy was moved to a third prison – Avenal State Prison – where he was housed in administrative segregation. *Id.* at 5. While in segregation, McElroy noticed that the inmates who had threatened to kill him in 1993 were housed at Avenal State Prison in the third yard. *Id.* When his period of administrative segregation was set to end, staff informed McElroy that he was to be moved to the third yard. *Id.* McElroy refused to be moved to the yard. In order to force McElroy to move, corrections officers ordered an extraction team to remove him from his cell. *Id.* at 6. During the extraction, Defendants used pepper spray on McElroy and caused extreme pain and physical injury. *Id.* McElroy contends that the officers used excessive force in the extraction and filed the present suit on June 12, 2008 based on this incident.

When McElroy filed suit, he was still housed at Avenal State Prison. *See* Dkt. #1 at 1. By October of 2008, however, McElroy had been transferred to Mule Creek State Prison. *See* Dkt. #13. While in Mule Creek State Prison, McElroy met another prisoner, Jimmy R. St. Clair, who has been assisting McElroy in this action and who aided McElroy in filing his first amended complaint (Dkt. #15). Dkt. #22 at 18-19.

On November 13, 2009, McElroy was "put up for transfer" to a different prison. *Id.* at 1. McElroy contends that if he is transferred his "acute anxiety and post-traumatic stress" from being told he would be housed in the third yard with individuals who threatened to kill him "would make it impossible for [him] to continue litigating this action on his own." *Id.* at 3-4. St. Clair contends that, without his help, McElroy would have extreme difficulty litigating this case. *Id.* at 18-19. As a result, McElroy has requested this Court to grant a temporary restraining order and a preliminary injunction to prevent him from being transferred.

In order to obtain a temporary restraining order or a preliminary injunction, McElroy must show that (1) he is likely to succeed on the merits of his claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. NRDC*, --- U.S. ---, 129 S. Ct. 365, 374 (2008); *see Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Plaintiff's request for a temporary retraining order does not relate to the merits of his claim. Rather, he argues that transfer to another facility would impair his ability to prosecute this action. His motion is akin to a request for appointed counsel. He asks the Court to restrain Defendants from transferring him away from Mr. St. Clair who is assisting him in this action.

There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Having considered both factors in the context of Plaintiff's request to remain near Mr. St. Clair, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits of his claim or that he will be unable to litigate this case. Plaintiff filed his original complaint without assistance from Mr. St. Clair, and he does not provide any evidence from a doctor or mental health expert showing that he would be unable to litigate this case if transferred. Plaintiff has not shown the "exceptional circumstances" that would be required

for the appointment of counsel. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (district court did not abuse its discretion by refusing to appoint counsel where the plaintiff had sufficient writing ability and legal knowledge to articulate his claim, the facts alleged and issues raised were not of substantial complexity, and it was not likely that he would succeed on the merits). And if Plaintiff cannot satisfy the standard for appointment of counsel, the Court concludes that he has not established that the Court should enjoin Defendants from transferring him in order to retain his access to Mr. St. Clair.

**IT IS ORDERED:**

1.    Plaintiff's motion for temporary restraining order and expedited preliminary injunction (Dkt. #22) is **denied**.

2.    Plaintiff's motion for immediate order (Dkt. #24) is **denied as moot**.

3.    **By March 26, 2010, Defendants shall filed a memorandum explaining their failure to comply with the Court's order (Dkt. #23) and showing cause why they should not be sanctioned for disregarding that order.**

DATED this 9th day of March, 2010.

_____
David G. Campbell
United States District Judge