**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Marvin McElroy,                )   No. CV 1-08-0914-DGC
                               )
    Plaintiff,             )   **ORDER**
                               )
vs.                            )
                               )
T. Deegan, et al.,             )
                               )
    Defendants.            )
_____)

Defendants G. Simon, D. Jackson, M. Neri, T. Deegan, and J. Boston (collectively "Defendants") have filed a motion to dismiss Plaintiff Marvin McElroy's claims against them under 42 U.S.C. § 1983. Dkt. #25. The motion is fully briefed. Dkt. ##27, 28. For reasons that follow, the Court will grant Defendants' motion. Dkt. #25.

**I.     Background.**

McElroy contends that on July 6, 1993, he saw an inmate kicking a corrections officer and that he assisted the officer during the assault. *Id.* at 4. Because he assisted the officer, other inmates threatened to harm McElroy and he was moved to a different prison. *Id.* at 4-5. Many years later, in 2008, McElroy was moved to a third prison – Avenal State Prison – where he was housed in administrative segregation. *Id.* at 5. While in segregation, McElroy noticed that the inmates who had threatened to kill him in 1993 were housed at Avenal State Prison in the third yard. *Id.* When his period of administrative segregation was set to end, staff informed McElroy that he was to be moved to the third yard. *Id.* McElroy refused. In order to force McElroy to move, corrections officers ordered an extraction team to remove

1 him from his cell. *Id.* at 6. During the extraction, Defendants used pepper spray on McElroy
2 and caused extreme pain and physical injury. *Id.* McElroy contends that the officers used
3 excessive force in the extraction.

4 **II.  Analysis.**

5 Defendants argue that they are entitled to dismissal of McElroy's complaint under
6 Federal Rule of Civil Procedure 12(b) because McElroy has failed to exhaust his
7 administrative remedies as required by the Prisoner Litigation Reform Act of 1996
8 ("PLRA"). The PLRA provides: "No action shall be brought with respect to prison
9 conditions under section 1983 of this title, or any other Federal law, by a prisoner confined
10 in any jail, prison, or other correctional facility until such administrative remedies as are
11 available are exhausted." 42 U.S.C. § 1997e(a). Further, "an inmate must exhaust [available
12 remedies] irrespective of the forms of relief sought and offered through administrative
13 remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

14 "Exhaustion is no longer left to the discretion of the district court, but is mandatory."
15 *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citation omitted). This "exhaustion of available
16 administrative remedies is required" for suits under § 1983. *Id.* A prisoner "may initiate
17 litigation in federal court only after the administrative process ends and leaves his grievances
18 unredressed. It would be inconsistent with the objectives of the statute to let him submit his
19 complaint any earlier than that." *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006).
20 "[A] district court must dismiss a case without prejudice when there is no presuit
21 exhaustion." *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005) (internal quotations
22 omitted).

23 The California Department of Corrections and Rehabilitation ("CDCR") has an inmate
24 appeal system consisting of one informal level and three formal levels of review. Dkt. #25-2
25 at 4; *see* Dkt. #25-4 at 2-5. The inmate appeal system is exhausted once an inmate has
26 received a decision from the third formal level of review. *Id.* Defendants contend that
27 McElroy has filed two appeals within the system: one was screened out due to McElroy's
28 failure to provide adequate documentation and was never resubmitted; the other was

1 unrelated to the present claims. *Id.* at 4-5. McElroy never appealed the present claims within
2 the CDCR system. Defendants argue that his claims therefore are not exhausted and must
3 be dismissed.

4       Plaintiff does not dispute that he failed to pursue an appeal through the CDCR system.
5 He argues instead that he is seeking money damages and could not have received such
6 damages in the CDCR appeals process. Dkt. #27 at 1. He argues that he exhausted his
7 administrative remedies for a claim for money damages by filing a claim with the California
8 Victim Compensation and Government Claims Board. *Id.* at 1-2. It is well settled, however,
9 that a prisoner must exhaust all available prison administrative remedies before filing suit in
10 court, even if he seeks only money damages and the prison administrative process does not
11 allow for the recovery of money damages. *Booth*, 532 U.S. at 741; *O'Guinn v. Lovelock*
12 *Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007) ("A prisoner must exhaust administrative
13 remedies even when the prisoner's suit seeks monetary damages that are unavailable through
14 the prison's grievance process[.]").

15       Because McElroy has failed to exhaust his claims through the CDCR appeals system,
16 the Court will dismiss his claims without prejudice.

17 **IT IS ORDERED:**
18   1.  Defendants' motion to dismiss (Dkt. #25) is **granted**.
19   2.  The Clerk is directed to terminate this action.
20   3.  The Court has also reviewed Defendants' response (Dkt. #29) to the Court's
21       order to show cause (Dkt. #26), and concludes that sanctions against
22       Defendants are not warranted in light of the fact that they were not served with
23       the injunction motion or the Court's order requiring a response.
24 DATED this 6th day of April, 2010.

David G. Campbell
United States District Judge